UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



ROBERT ALLMAN,   CASE NO. 02-10090-CIV-KING

          Plaintiff,

v.

OCEAN REEF COMMUNITY
ASSOCIATION, INC., and
OCEAN REEF CLUB, INC.,
Florida corporations,

          Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, ROBERT ALLMAN ("Allman"), sues Defendants, OCEAN REEF COMMUNITY ASSOCIATION, INC. ("ORCA") and OCEAN REEF CLUB, INC. ("the Club"), and states:

### COMMON ALLEGATIONS

1. This is an action for money damages in excess of $15,000.00.

2. Venue is proper in this forum.

3. At all times material, Allman was an adult resident of Monroe County, Florida, and sui juris.

4. At all times material, ORCA was a Florida non-profit corporation, duly registered, with its principal place of business in Key Largo, Florida.

5. At all times material, the Club was a Florida non-profit corporation, duly registered, with its principal place of business in Key Largo, Florida.

6. At all times material, Allman was employed as a public safety officer by ORCA and the Club. Allman's wife, Peggy, was also employed by the Club in a different capacity.

FEILER & LEACH, P.L.
901 PONCE DE LEON BLVD., PENTHOUSE SUITE • CORAL GABLES, FL 33134 • (305)441-8818



7. In approximately September of 1999, Peggy Allman suffered an on-the-job injury. Allman assisted his wife with her Worker's Compensation claim, which did not sit well with Defendants.

8. In or around May of 2000, and most likely in response to Allman's assisting his wife, Allman began to be subjected to harassment in his workplace. He was accused of being homosexual and subjected to a smear campaign by subordinates. When he complained about the problem, he was told that it was his problem.

9. The harassment continued and grew more severe. Finally, in July of 2000, Allman's captain, in response to Allman's continued efforts to resolve the situation, caused Allman to be terminated.

10. Since Allman's termination, he has attempted to find other employment. However, ORCA and the Club, through its officers, employees, and/or agents, have disseminated false information about Allman which has prevented him from obtaining said employment. Specifically, Allman was offered a job at Cardsound Golf Course. Word of the job offer reached ORCA and the Club. Several days later, Allman was told that ORCA and the Club told Cardsound Golf Course not to hire him. Similarly, Key West Ambulance stated that they would hire Allman, but changed their mind after checking with ORCA and the Club. Moreover, Allman applied at every firehouse from Key West to the City of Miami without an offer after contact was made with ORCA and the Club.

11. Subsequent to his termination, Allman was also informed that, if he wanted his wife to keep her job, he needed to move out of the Ocean Reef area. In addition, a memo was posted in the Beverage Department of the Club stating that Allman had been terminated and that he was not

allowed to come into the Cafeteria or the Wreck Hall. The memo gave the false impression that Allman was guilty of harassment or other wrong-doing that made him a threat and that, as a result, he was not allowed contact with ORCA and the Club.

### COUNT I - TORTIOUS INTERFERENCE

12. Plaintiff realleges paragraphs 1-11 and incorporates them herein.

13. The actions of the Defendants as described, in disseminating false information about Allman to employers and prospective employers, have had the effect of unfairly preventing him from obtaining and maintaining employment which he would have otherwise obtained.

14. Because Allman was offered employment, offered employment pending a check with his former employer, and because in each case Defendants knew Allman had been hired or knew Allman would be hired if the Defendants refrained from unjustified and intentional comments made with the purpose of preventing Allman from obtaining employment, Defendants' actions constituted tortious interference with Allman's business relationships.

15. As a direct and proximate result of Defendant's actions, Allman has suffered damages in that he has been unable to earn a living.

### COUNT II - INVASION OF PRIVACY/FALSE LIGHT

16. Plaintiff realleges paragraphs 1-11 and incorporates them herein.

17. Prior to the actions of the Defendants, Allman enjoyed a positive reputation in the community.

18. The actions of Defendants as alleged herein have invaded Plaintiff's privacy and portrayed him in a false light, and were undertaken with no notice to Plaintiff and without his consent.

The memo posted in the Beverage Department of the Club gave the false impression that Allman was guilty of harassment or other wrong-doing that made him a threat.

19. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages; among other things, his good name has been cheapened and made notorious, he has been subjected to contempt, ridicule and inquisitive notice by the public to the injury of his personality and self-respect, and disturbance of his peace of mind and privacy, and Plaintiff has been made conspicuous and identified to the public and has suffered mental pain.

### COUNT III - FAILURE TO OFFER COBRA BENEFITS

20. Plaintiff realleges paragraphs 1-11 and incorporates them herein.

21. While employed by the Defendants, Allman had group health care coverage provided by them.

22. Upon his termination, however, Defendants failed to offer COBRA continuation coverage to Allman.

23. The actions of Defendants as described were in violation of 29 U.S.C. §1161 and §1162.

24. As a result of Defendants' actions as described, Allman has suffered damages and has incurred uncovered medical costs.

### DEMAND FOR JURY TRIAL

Allman demands trial by jury on all issues so triable.

WHEREFORE, Allman demands judgment for compensatory damages, court costs,

Page 5<br>
*Allman v. Ocean Reef Community Association, Inc., et al.*<br>
Case No. 02-10090-CIV-KING

prejudgment interest on all liquidated damages, and all other interest the Court sees fit to grant after trial by jury.

Respectfully submitted,

FEILER & LEACH, P.L.<br>
Attorneys for Plaintiff<br>
901 Ponce de Leon Blvd.<br>
Penthouse Suite<br>
Coral Gables, FL 33134<br>
Tel. (305) 441-8818<br>
Fax (305) 441-8081<br>
FeilerLeachPL@aol.com

By: _____<br>
Michael B. Feiler<br>
Fla. Bar No. 098477

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to: James C. Polkinghorn, Esq., and David A. Buchsbaum, Esq., Fisher & Phillips LLP, Suite 800, 450 East Las Olas Blvd., Fort Lauderdale, Florida 33394.

FEILER & LEACH, P.L.<br>
Attorneys for Plaintiff<br>
901 Ponce de Leon Blvd.<br>
Penthouse Suite<br>
Coral Gables, FL 33134<br>
Tel. (305) 441-8818<br>
Fax (305) 441-8081<br>
FeilerLeachPL@aol.com

By: _____<br>
Michael B. Feiler<br>
Fla. Bar No. 098477